IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **THU THI PHAM and HOANG NGO** | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | CIVIL ACTION NO. _____ |
| | § | |
| **CHARGER LOGISTICS USA, INC.** | § | |
| **Defendant** | § | |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**NOW COMES** Defendant, **CHARGER LOGISTICS USA, INC.**, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and by and through its undersigned counsel hereby gives notice to this Court that it hereby removes the case styled *Thu Thi Pham and Hoang Ngo v. Charger Logistics USA, Inc.,* Cause Number 2022CVA000984D2, 111th Judicial District Court, Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division, and respectfully shows as follows:

### I. PARTIES AND PROCEDURAL HISTORY

1. Thu Thi Pham and Hoang Ngo are the Plaintiffs in Cause No. 2022CVA000984D2 filed in the 111th Judicial District Court, Webb County, Texas ("State Court Action"), filed on July 25, 2022.

2. Charger Logistics USA, Inc. ("Charger") is a corporation incorporated in Indiana, with its principal office in Romulus, Michigan, and a Defendant in the State Court Action. Charger Logistics USA, Inc has filed a Motion to Transfer Venue and subject thereto, has answered in the State Court Action.

## II.  REMOVAL IS TIMELY

3. Removal is timely under the provisions of 28 U.S.C. § 1446 because Charger was served with the Original Petition no earlier than August 9, 2022 and files this Notice of Removal within 30 days of August 9, 2022.

## III.  GROUNDS FOR REMOVAL

4. Removal is proper because the parties are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Charger files this Notice of Removal as required by U.S.C. §1446 removing this case to the U.S. District Court for the Southern District of Texas, Laredo Division because it falls within the jurisdiction of this Court's diversity of citizenship jurisdiction under 28 U.S.C. §1332 and §1441.

5. This is a civil action in which the District Courts of the United States have been given original jurisdiction in that there is a complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs as pled for by Plaintiffs.

6. This case is removable under 28 U.S.C. §§ 1332 and 1441(a) since Plaintiffs are an individual residents of Bexar County, Texas and Charger is an Indiana corporation with its principal office, i.e., where the high-level officers who direct, control, and coordinate the corporate activities work, in Romulus, Michigan.  The office in Laredo, Texas inaccurately pled by Plaintiffs as a principal office, is not a principal office, nerve center or location where the corporate activities are controlled.  It is simply rented space for a local terminal where cargo is delivered and picked up, where no corporate officers work at and any corporate decisions regarding the activities in Laredo are made from the principal office in Michigan.  Complete diversity "requires that all persons on one side of the controversy be citizens of different states

than all persons on the other side."[1]  Here, Plaintiff and Charger are citizens of different states, thus, there is complete diversity of citizenship between the parties.[2]

### IV.  REMOVAL TO THIS DIVISION AND DISTRICT IS PROPER

7. Removal to this division and district is proper only because the removed action was initially filed in State District Court, Webb County, Texas, however, it is anticipated that venue and\or whether this removed action states a claim will be challenged under the provisions of Federal Rule of Civil Procedure 12(b) and/or other applicable law.

### V.  NO WAIVER

8. By virtue of this removal, Charger does not waive its right to assert any claims, pleas, defenses or motions, including pleas in abatement, challenges to venue and/or jurisdiction, motions to compel arbitration, and motions permitted by Rule 12 of the Federal Rules of Civil Procedure.

### VI.  OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

9. Charger has complied with all provisions of 28 U.S.C. §§ 1441 *et. seq.*, the applicable Federal Rules of Civil Procedure, and the Local Rules in this District. Attached hereto are those materials required to be filed upon removal.  Additionally, the filing fee of $402.00 has been tendered to the Clerk of the United States District Court for the Southern District of Texas, Laredo Division, along with the original and a copy of this Notice of Removal.

### V.  ATTACHMENTS

10. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Charger in the State Court action are attached hereto as follows:

---

[1] *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5ʰ Cir. 2008).

[2] *See McLaughlin*, 376 F.3d at 353; *Harvey*, 542 F.3d at 1079.

  a. ***Exhibit 1*:** Plaintiff's Original Petition;

  b. ***Exhibit 2:*** Citation for service of process on Charger Logistics USA, Inc.

  c. ***Exhibit 3:*** Motion to Transfer Venue

  d. ***Exhibit 4:*** Subject to Defendant's Motion to Transfer Venue Defendant, Charger Logistics USA, Inc.'s Original Answer to Plaintiffs' Original Petition and Designation of "John Doe" as Responsible Third Party

## VI. NOTICE TO STATE COURT

11. Pursuant to 28 U.S.C. § 1446(d), Defendant shall promptly serve a copy of this Notice of Removal on Plaintiff and shall promptly file a copy of this Notice of Removal with the Clerk of the 111th Judicial District Court, Webb County, Texas.

## VII. JURY DEMAND

12. Plaintiff has allegedly demanded a jury and indicated they will pay the required jury fee in the State Court Action.

**WHEREFORE**, **PREMISES CONSIDERED**, Defendant, **CHARGER LOGISTICS USA, INC.**, prays that this Honorable Court accept removal of this action as if it had been originally filed here to the exclusion of any further proceedings in the state court, in accordance with law, and for any such other or further relief to which Defendant may show itself justly entitled therein.

       Respectfully submitted,

       **LANGLEY & BANACK, INC.**
       745 East Mulberry, Suite 700
       San Antonio, Texas  78212-3166
       Telephone: (210) 736-6600
       Facsimile: (210) 735-6889

    By:  /s/ *Roger D. Kirstein*
       **ROGER D. KIRSTEIN**
       State Bar No. 11533700

rkirstein@langleybanack.com<br>
**ERICA E. VALLADARES**<br>
State Bar No. 24045841<br>
evalladares@langleybanack.com

**ATTORNEYS FOR DEFENDANT,
CHARGER LOGISTICS USA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed with the Clerk of the United States District Court for the Southern District of Texas, Laredo Division, and that a true and correct copy of the foregoing instrument and the documents referred to herein will be served upon the following individual on this the 29th day of August, 2022:

Zachary A. Zapata
DTD Law Firm, PLLC
901 NE Loop 410, Suite 802
San Antonio, Texas 78209
zach@danglawgroup.com

/s/ *Roger D. Kirstein*
**ROGER D. KIRSTEIN**