Filed
7/25/2022 9:07 AM
Esther Degollado
District Clerk
Webb District
Dyana Cuellar
2022CVA000984D2

2022CVA000984D2

CAUSE NO._____

| | | |
|---|---|---|
| **THU THI PHAM and HOANG NGO** | § | **IN THE JUDICIAL DISTRICT** |
| **Plaintiffs** | § | |
| | § | |
| | § | |
| **v.** | § | **_____DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| **CHARGER LOGISTICS USA, INC.** | § | **WEBB COUNTY, TEXAS** |
| **Defendant** | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES THU THI PHAM and HOANG NGO hereinafter called "Plaintiffs," complaining of and about CHARGER LOGISTICS USA, INC. hereinafter called "Defendant" or "Charger Logistics" and for cause of action shows unto the Court the following:

### 1. DISCOVERY CONTROL PLAN

Plaintiffs intend to prosecute this case under Discovery Control Plan 3

### 2. RULE 47 STATEMENT

Plaintiffs seek monetary relief of more than $1,000,000

### 3. PARTIES

Plaintiffs are individuals and residents of Bexar County, Texas.

Defendant CHARGER LOGISTICS USA, INC. is a foreign corporation who may be served with process through their registered agent at:

Corporate Creations Network Inc.
5444 Westheimer, #1000
Houston, TX 77056

Or wherever they may be served.

Defendant is amenable to service of process by a Texas court.

### 4. JURISDICTION

This court has jurisdiction over the parties because all either reside in Texas, or do business in Texas. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court. This court has the statutory power to declare rights, status, and other legal relations pursuant to Tex. Civ. Prac. & Rem. Code§ 37.003, whether or not further relief is or could be claimed.

### 5. VENUE

Venue is proper in Webb County, Texas because the county of the defendant's principal office in this state is in Webb County.

### 6. FACTS

On or about February 14, 2021 Plaintiff Thu Thi Pham was driving their 2015 Lexus NX heading northbound on the 3000 block of IH 35 in San Antonio, Texas. Hoang Ngo was a passenger in the vehicle with Ms. Pham. An unknown driver was driving a commercial tractor and trailer in the course and scope of his employment with Charger Logistics USA, Inc. also headed northbound on IH 35, directly behind Plaintiffs. After Plaintiffs were in an initial accident with another vehicle, the Charger Logistics vehicle failed to drive attentively, failed to take evasive action, failed to control speed and failed to maintain a proper distance, striking Plaintiffs from behind. Plaintiffs were seriously injured in this accident.

## 7. NEGLIGENCE

Defendant's driver had a duty to operate his vehicle reasonably and prudently and to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

At all times relevant to the collision, the unknown driver was guilty of various acts and/or omissions which constitute negligence, careless, and reckless disregard of said duty including, but not limited to, the following, each of which singularly or in combination with others, was the proximate cause of the occurrence in question:

a) Failing to maintain a proper lookout while driving on a public roadway;
b) Failure to use due caution given the conditions and circumstances on the roadway;
c) Failing to maintain proper control of his vehicle;
d) Failing to properly apply the brakes to the motor vehicle and/or wholly failing to apply the brakes in order to avoid the collision in question;
e) Failing to maintain proper attention while driving on a public roadway;
f) Failure to control speed;
g) Faulty evasive action; and
h) Failure to maintain a proper distance

The aforesaid occurrence was caused wholly and solely by reason of the negligence of this unknown driver without any fault or negligence on the part of Plaintiffs contributing thereto.

## 8. RESPONDEAT SUPERIOR

Defendant CHARGER LOGISTICS USA, INC. is liable under the doctrine of respondeat superior for the conduct of their employee because he was operating the vehicle made the basis of this suit in the course and scope of his employment for CHARGER LOGISTICS USA, INC. Defendant is also following in one or more of the following respects"

a. Negligent hiring

b. Negligent entrustment

c. Negligent maintenance

d. Negligent training and safety implementation

Each of these acts and/or admissions, whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses set specifically herein.

## 9. GROSS NEGLIGENCE

The wrong done by CHARGER LOGISTICS USA, INC., was aggravated by the kind of conduct for which the law allows the imposition of exemplary damages in that the defendant's conduct when viewed objectively from defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs, therefore, seeks exemplary damages in an amount within the jurisdictional limits of the court.

## 10. DAMAGES

Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiffs suffered severe bodily injuries. The injuries have had a serious effect on the Plaintiffs' health and well-being. Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for their entire life.

As a further result of all of the above, Plaintiffs have incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries

resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

As a further result of the injuries sustained by the Plaintiffs, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

Plaintiffs plead all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

As a direct and proximate result of Defendant's breach of duty, Plaintiffs were caused to incur the following damages:

   a) Reasonable and necessary medical care and expenses in the past;
   b) Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;
   c) Physical pain and suffering in the past;
   d) Physical pain and suffering that will, in reasonable probability, be suffered in the future;
   e) Physical impairment in the past;
   f) Physical impairment that will, in reasonable probability, be suffered in the future;
   g) Mental anguish in the past;
   h) Mental anguish that will, in reasonable probability, be suffered in the future;
   i) Lost wages;
   j) Loss of earning capacity in the past;
   k) Loss of earning capacity that will, in reasonable probability, be incurred in the future;
   l) Disfigurement in the past;
   m) Disfigurement that will, in reasonable probability, be suffered in the future; and
   n) Exemplary Damages

## 11. PREJUDGMENT AND POSTJUDGMENT INTEREST

Plaintiffs seek pre-judgment and post-judgment interest as provided by law.

## 12. JURY FEE

Plaintiffs demand a trial by jury, and shall tender the jury fee.

## 13. RESERVATION OF RIGHTS

Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition and add additional counts and/or parties as discovery continues.

## 14. NOTICE PURSUANT RULE 193.7

This will serve as formal written notice to you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedures, of the Plaintiffs intend to use at trial any and all documents, which you have produced on behalf of the Defendants in response to any formal written discovery request, and any and all supplemental and/or amended responses to any formal written discovery requests, including, but not limited to, answers to interrogatories; responses to requests for production; responses to requests for disclosures, affidavit, deposition on written questions, Rule 11, or any documents and things created and/or produced by Defendants from any source, and provided to the Plaintiffs.

## 15. CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred.

## 16. SELF-AUTHENTICATION PURSUANT TO RULE 193.7

This serves as notice, pursuant to Tex. R. Civ. P. 193.7, that Defendants' production of any document, in response to any of Plaintiffs' written discovery requests, authenticates the document for use against the Defendant in any pretrial proceeding or at trial, unless, within 10 days after receiving this notice, the Defendant objects to the authenticity of the document, or any part thereof, stating the specific basis for the objection.

## 17. PRAYER

WHEREFORE, Plaintiffs pray that, on final trial, Plaintiffs have:

A. Judgment against Defendant within the jurisdictional limits of this court.

B. Pre-judgment and Post-judgment interest

C. Costs of suit

D. Injunctive relief to obtain pertinent evidence

E. All such other relief, at law or at equity, to which Plaintiffs may show themselves to be entitled.

Respectfully submitted,

**DTD LAW FIRM, PLLC**

By: /s/ *Zachary A. Zapata*
Zachary A. Zapata
State Bar No. 24110880
zach@danglawgroup.com
901 NE Loop 410, Ste. 802
San Antonio, TX 78209
Tel: (726) 600-1200
Fax (833) 666-0580

**ATTORNEY FOR THE PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Zachary Zapata on behalf of Zachary Zapata
Bar No. 24110880
Audrey@danglawgroup.com
Envelope ID: 66615164
Status as of 7/25/2022 9:55 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Henry Trinh | | H.trinh@dtdlawfirm.com | 7/25/2022 9:07:15 AM | SENT |
| Zach AZapata | | Zachzapatalaw@gmail.com | 7/25/2022 9:07:15 AM | SENT |
| Audrey Correa | | Audrey@danglawgroup.com | 7/25/2022 9:07:15 AM | SENT |
| Zach AZapata | | zach@danglawgroup.com | 7/25/2022 9:07:15 AM | SENT |
| Zach AZapata | | zach@danglawgroup.com | 7/25/2022 9:07:15 AM | SENT |